# Supreme Court of Florida

_____

No. SC20-392

_____

**IN RE: COVID-19 EMERGENCY MEASURES RELATING TO THE RULES REGULATING THE FLORIDA BAR AND AMENDMENT TO RULE REGULATING THE FLORIDA BAR 1-12.1.**

April 9, 2020

PER CURIAM.

In response to the ongoing public health emergency caused by the Coronavirus Disease 2019 (COVID-19) pandemic and at the request of The Florida Bar, on March 20, 2020, the Court issued an emergency order in this case temporarily suspending certain time periods, deadlines, and requirements in the Rules Regulating the Florida Bar (Bar Rules). Now, the Court, on its own motion,[1] amends the Bar Rules to provide for a more streamlined response to the impact the ongoing public health crisis is having on regulation of The Florida Bar.[2]

_____

1. *See* R. Regulating Fla. Bar 1-12.1(a).

2. We have jurisdiction. *See* art. V, § 15, Fla. Const.

Specifically, at the Bar's request, in the March 20, 2020, order, the Court temporarily suspended all time periods and deadlines in Chapter 3 (Rules of Discipline) and Chapter 10 (Rules Governing the Investigation and Prosecution of the Unlicensed Practice of Law) of the Bar Rules for all Bar discipline cases and for all unlicensed practice of law cases, respectively, and suspended the filing and evaluation requirements for lawyer advertisements under Rule Regulating the Florida Bar 4-7.19 (Evaluation of Advertisements). Those time periods, deadlines, and requirements will remain suspended until reinstated or otherwise modified by order of the Chief Justice, under the procedure provided below.

The Court has determined that it should amend the Bar Rules to provide for a more streamlined response to the changing circumstances affecting The Florida Bar's and Bar participants' ability to comply with certain rule requirements during the COVID-19 pandemic. The adoption of the new procedure also will provide a more expeditious procedure for responding to future public health crises and other emergency situations that could impact The Florida Bar and others who are governed by the procedural requirements of the Bar Rules.

Therefore, we amend Rule Regulating the Florida Bar 1-12.1 to recognize that the Chief Justice is authorized to institute mitigating measures that are necessary to respond to public health emergencies or other emergency situations

that may impact The Florida Bar's and the various other Bar participants' ability to meet procedural requirements in the Bar Rules.

Accordingly, we add new subdivision (j) (Action by the Chief Justice) to Rule Regulating the Florida Bar 1-12.1 (Amendment to Rules; Authority; Notice; Procedures; Comments) to provide as follows:

> **(j) Action by the Chief Justice.** Upon request of The Florida Bar, or sua sponte, in the event of a public health emergency or other emergency situation that requires mitigation of the effects of the emergency on The Florida Bar and other participants under the Rules Regulating the Florida Bar, the chief justice may enter such order or orders as may be appropriate to: suspend, extend, toll, or otherwise change time periods, deadlines, or standards imposed by the Rules Regulating the Florida Bar, orders, or opinions; suspend the application of or modify other requirements or limitations imposed by rules, orders, or opinions, including, without limitation, those governing the use of communication equipment and proceedings conducted by remote electronic means; and require or authorize temporary implementation of procedures and other measures, which may be inconsistent with applicable requirements, to address the emergency situation.

Accordingly, the Rules Regulating the Florida Bar are amended, as reflected in this opinion. The amendment shall become effective immediately upon the release of this opinion.[3]

---

3. Because the amendment was not published for comment prior to its adoption, interested persons shall have seventy-five days from the date of this opinion in which to file comments with the Court. All comments must be filed with the Court on or before June 23, 2020, with a separate request for oral argument if the person filing the comment wishes to participate in oral argument, which may be scheduled in this case. If filed by an attorney in good standing with The Florida Bar, the comment must be electronically filed via the Florida Courts

It is so ordered.

CANADY, C.J., and POLSTON, LABARGA, LAWSON, and MUÑIZ, JJ., concur.

THE FILING OF A MOTION FOR REHEARING SHALL NOT ALTER THE EFFECTIVE DATE OF THIS AMENDMENT.

Original Proceeding – Florida Rules Regulating the Florida Bar

---

E-Filing Portal (Portal) in accordance with *In re Electronic Filing in the Supreme Court of Florida via the Florida Courts E-Filing Portal*, Fla. Admin. Order No. AOSC13-7 (Feb. 18, 2013). If filed by a nonlawyer or a lawyer not licensed to practice in Florida, the comment may be, but is not required to be, filed via the Portal. Comments filed via the Portal must be submitted in Microsoft Word 97 or higher. *See In re Electronic Filing in the Florida Supreme Court*, Fla. Admin. Order No. AOSC17-27 (May 9, 2017). Any person unable to submit a comment electronically must mail or hand-deliver the originally signed comment to the Florida Supreme Court, Office of the Clerk, 500 South Duval Street, Tallahassee, Florida 32399-1927; no additional copies are required or will be accepted.